IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK C. DAVID,                            :
                                             :
        Plaintiff                            :
                                             :   CIVIL NO. 1:CV-10-0928
    vs.                                      :
                                             :   (Judge Caldwell)
WARDEN BRIAN BLEDSOE, *et al*.,              :
                                             :
        Defendants                           :


*M E M O R A N D U M*

I.      *Introduction*

        The pro se plaintiff, Patrick C. David, an inmate at USP-Lewisburg, in

Lewisburg, Pennsylvania, filed this civil-rights action asserting various Bureau of Prisons

(BOP) employees failed to protect him from assault by his cellmate, assaulted him while he

was in the hospital recovering from his initial injuries, and then housed him in unsanitary

conditions for almost a month.  Doc. 20, Am. Compl.  Named as defendants are: Captain B.

Trate; Lieutenant T. Johnson; and Paramedic L. Potter.  *Id.*[1]  Defendants have filed a

motion for summary judgment based on David's failure to exhaust his administrative

remedies before filing the action.  Defendants also filed a supporting brief, exhibits and a

statement of material facts.  *See* Docs. 31 and 32.  Plaintiff has failed to oppose

defendants' motion or request an enlargement of time to do so.  Accordingly, under M.D.

---

[1] Warden Bledsoe is in the caption because he was named in the original complaint; he is
not named in the amended complaint.

Local Rule 56.1, all material facts set forth in defendants' statement of material facts are deemed admitted, and the court will adopt those facts in considering defendants' motion.

Evaluating Defendants' summary judgment motion under the well-establish standard, *see Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008), we will grant it on the basis that David has failed to exhaust his administrative remedies.

II.     *Discussion*

Under the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must exhaust all available administrative remedies.  *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002).  The exhaustion requirement of the PLRA is one of "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006).  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim.  *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004).  Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil-rights action.  *Oriakhi v. United States*, 165 F. App'x 991, 993  (3d Cir. 2006)(per curiam)(nonprecedential) (citing *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n. 9 (3d Cir. 2002)).  The exhaustion requirement is mandatory and cannot be excused for "'sensitive' subject matter or 'fear of retaliation . . .'"  *Pena-Ruiz v. Solorzano*, 281 F. App'x 110, 113 (3d Cir. 2008)(per curiam) (nonprecedential).

Federal inmates may challenge any aspect of their confinement by using the BOP's Administrative Remedy procedure.  *See* 28 C.F.R. § 542.10, et seq.; *see also* Doc.

31-2, Cunningham Decl. at ¶ 2.  The first step is to present the issue to the inmate's unit team through an informal resolution attempt.  *See* 28 C.F.R. § 542.13(a).  If that does not resolve the issue, the inmate must submit a formal request for administrative relief (BP-9) to the Warden.  *See* 28 C.F.R. § 542.14(a); Cunningham Decl. at ¶ 2.  An inmate who is not satisfied with the Warden's response may submit an appeal to the Regional Director (BP-10).  *See* 28 C.F.R. § 542.15(a); Cunningham Decl. at ¶ 2.  If dissatisfied with the response from the Regional Director, the inmate may submit an appeal to the BOP's Central Office  (BP-11).  *See* 28 C.F.R. § 542.18; *see also* Cunningham Decl. at ¶ 2.  No administrative appeal is considered to have been fully and finally exhausted until it has been considered by the BOP's Central Office.  *Id.; see also* 28 C.F.R. § 542.15.

David has filed 12 administrative remedy requests "on issues that have arisen out of USP Lewisburg."  Cunningham penalty-of-perjury declaration ¶ 4.  Eleven of the administrative remedies challenged various aspects of inmate disciplinary proceedings.  *Id*.  One remedy request concerned the issues raised by David in his Complaint.  *Id*. ¶ 5.  Specifically, on May 20, 2010, he filed REM ID 590784-F1 regarding claims of "staff misconduct" and "excessive use of force".  *Id*. ¶ 5.  This administrative remedy was denied at the institutional level on May 28, 2010.  *Id*.  There is no record that Plaintiff appealed the Warden's decision to the next level, the Regional Director.  *Id*. ¶¶ 6-7.  Moreover, in his Complaint, David concedes that he has not "fully exhausted" his administrative remedies regarding the issues raised in his Complaint.  Doc. 20 at p. 2.[2]  He admitted he was "still

---

[2]  Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

going through the [exhaustion] procedure." *Id.*

The record before the court as to David's exhaustion efforts regarding the issues raised in this action is clear and uncontested.  David's Complaint confirms the defendants' presentation of the facts that he failed to complete the BOP's administrative remedy process with regard to issues raised in the Complaint.  Plaintiff failed to properly exhaust his administrative remedies before filing this action, and thus the defendant is entitled to summary judgment.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 7, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK C. DAVID,                           :
                                            :
        Plaintiff                           :
                                            :  CIVIL NO. 1:CV-10-0928
    vs.                                     :
                                            :  (Judge Caldwell)
WARDEN BRIAN BLEDSOE, *et al*.,             :
                                            :
        Defendants                          :

## *O R D E R*

AND NOW, this 7th day of June, 2011, for the reasons set forth in the

accompanying memorandum, it is ordered that:

    1.  The Defendants' Motion for Summary Judgment (Doc. 29)
is granted.

    2.  The Clerk of Court is directed to enter judgment in favor of
defendants Trate, Johnson and Potter, and against plaintiff
David.

    3.  The Clerk of Court is directed to close this case.

    4.  Any appeal from this order is deemed frivolous and not in
good faith.  *See* 28 U.S.C. § 1915(a)(3).

                    /s/ William W. Caldwell
                    William W. Caldwell
                    United States District Judge